**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL J. SULLIVAN, | No. 13-35472 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-05181-RBL |
| v. | |
| CAROLYN W. COLVIN, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted December 12, 2014[**]
Seattle, Washington

Before: McKEOWN, TALLMAN, and OWENS, Circuit Judges.

Michael J. Sullivan appeals the district court's judgment affirming the

Commissioner of Social Security's ("Commissioner") denial of his applications for

child disability benefits and supplemental security income.  Because the parties are

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

familiar with the facts of this case, we do not separately recount them here. We

have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's order affirming an Administrative

Law Judge's ("ALJ") denial of social security benefits. *Carillo-Yeras v. Astrue*,

671 F.3d 731, 734 (9th Cir. 2011) (citation omitted). We must uphold the ALJ's

decision if it is supported by substantial evidence and free of legal error. *Id.*

(citation omitted). A decision will not be reversed for errors that are harmless.

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted).

First, the ALJ provided specific, clear and convincing reasons for

concluding that Sullivan's symptom testimony was not fully credible; the medical

record, inconsistencies between Sullivan's testimony and his conduct, and

motivation for secondary gain undermined his credibility. *See Molina v. Astrue*,

674 F.3d 1104, 1112-13 (9th Cir. 2012); *Tommasetti v. Astrue*, 533 F.3d 1035,

1039-40 (9th Cir. 2008).

Second, substantial evidence supported the ALJ's rejection of the lay

witness testimony for bias, which is a "germane" reason. *Greger v. Barnhart*, 464

F.3d 968, 972 (9th Cir. 2006); *see Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d

685, 694 (9th Cir. 2009) (claims of bias "in the abstract" are inadequate, but

13-35472

evidence that a witness exaggerated a claimant's symptoms for the witness's benefit could support a finding of bias).

Third, while the ALJ erred in failing to discuss the medical records from Cascade Mental Health Care, including Registered Nurse Don Bischko and Dr. Anjan Sattar's findings, this error—in light of the record as a whole—was harmless. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004). With respect to the remaining medical record, the ALJ gave specific and legitimate reasons for relying on some medical opinions while rejecting others. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). The record contains substantial evidence for these reasons and we therefore reject Sullivan's argument that the ALJ improperly weighed the medical opinions.

Fourth, the ALJ's hypothetical question to the vocational expert was proper. The ALJ was not required to include all of Sullivan's subjective complaints in the hypothetical posed, but only those limitations that were supported by substantial evidence in the record. *See Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995).

Finally, the new evidence presented to the Appeals Council does not sufficiently undermine the ALJ's decision and does not warrant a remand. While the new evidence supported Sullivan's disability allegations, substantial evidence

13-35472

still supported the ALJ's nondisability determination.  *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012).

In short, the ALJ's determination that Sullivan was not "disabled" within the meaning of the Social Security Act was supported by substantial evidence.

AFFIRMED.

13-35472