**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GLENN R. HARTLEY, | No. 15-15523 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-01863-AC |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security Administration, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Allison Claire, Magistrate Judge, Presiding

Submitted December 30, 2016[**]

Before:     PREGERSON, LEAVY, and OWENS, Circuit Judges.

Glenn R. Hartley appeals the district court's judgment affirming the

Commissioner of Social Security's denial of his applications for disability

insurance benefits and supplemental security income under Titles II and XVI of the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014), and we affirm.

The administrative law judge (ALJ) did not err in finding, at step five of the sequential evaluation process, that Hartley had acquired skills from his past relevant work that were transferable to other occupations with specific jobs existing in substantial numbers in the national economy. *See Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1002 (9th Cir. 2015). The ALJ made sufficient findings, supported by substantial evidence, by identifying the work skills that Hartley had acquired and the specific occupations to which they were transferable. *See* 20 C.F.R. §§ 404.1568(d), 416.968(d); Social Security Ruling 82-41; *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1223-24 (9th Cir. 2009). The ALJ was not required to follow the steps set forth in a provision of the Commissioner's Program Operations Manual System (POMS), a non-binding internal manual. *See* POMS DI 25015.017 (effective Oct. 6, 2014). POMS may be entitled to some deference "to the extent it provides a persuasive interpretation of an ambiguous regulation, but it does not impose judicially enforceable duties on either this court or the ALJ." *Carillo-Yeras v. Astrue*, 671 F.3d 731, 735 (9th Cir. 2011) (citations and internal quotation marks omitted). Hartley fails to identify any ambiguity in the applicable regulations, and further fails to show that the vocational expert's

2

(VE) testimony conflicted with the regulations or the Dictionary of Occupational Titles (DOT). *See* 20 C.F.R. § 404.1568(d)(3) ("A complete similarity of all three factors [under 20 C.F.R. § 404.1568(d)(2)] is not necessary for transferability."). Accordingly, there were no unexplained inconsistencies, and the ALJ's failure to ask the VE about potential conflicts with the DOT constituted harmless error. *See Massachi v. Astrue*, 486 F.3d 1149, 1154 n.19 (9th Cir. 2007).

**AFFIRMED.**