**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CYNTHIA D. CARRILLO-YERAS,
            *Plaintiff-Appellant,*

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,
            *Defendant-Appellee.*

No. 09-56515

D.C. No.
2:08-cv-05560-AN

OPINION

Appeal from the United States District Court
for the Central District of California
Arthur Nakazato, Magistrate Judge, Presiding

Argued and Submitted
August 30, 2011—Pasadena, California

Filed October 25, 2011

Before: Arthur L. Alarcón, Diarmuid F. O'Scannlain, and
Barry G. Silverman, Circuit Judges.

Opinion by Judge Silverman

19493

**COUNSEL**

Lawrence D. Rohlfing, Santa Fe Springs, California, for the plaintiff-appellant.

Scott J. Borrowman, Social Security Administration, Office of General Counsel, San Francisco, California, for the defendant-appellee.

**OPINION**

SILVERMAN, Circuit Judge:

Cynthia Carillo-Yeras appeals the district court's decision affirming the Social Security Administration's denial of her applications for disability insurance benefits and supplemental security income. Because the SSA took nearly two years to investigate whether to reopen a favorable determination on one of Carillo-Yeras's applications, much longer than the presumptive time of six months, 20 C.F.R. §§ 404.991a(a), 416.1491(a), and because the record does not show that the investigation was "diligently pursued," *id.*, we reverse.

## I.   Background

In 1996, Carillo-Yeras fell and fractured her coccyx. The fracture did not heal properly and she underwent surgery to remove a fragment of the bone. She continued to suffer from low back pain after the surgery, which worsened following the birth of her son in 1999. Carillo-Yeras's doctors treated the pain with prescription painkillers and a muscle relaxant. She received a series of epidural steroid injections and underwent a brief course of physical therapy. In July 2001, after these treatments failed to eliminate her pain, Carillo-Yeras had another surgery. The surgery, a bilateral laminotomy-foraminotomy, appeared to help relieve Carillo-Yeras's symptoms, and she received only intermittent, conservative treatment until 2005. In 2005 and 2006, she sought regular treatment and received additional epidural steroid injections and facet blocks.

On May 25, 2000, Carillo-Yeras applied for disability insurance benefits, alleging disability due to low back pain beginning in July 1999. After Carillo-Yeras's application was denied initially and on reconsideration, she requested a hearing before an Administrative Law Judge. On March 24, 2003, after a hearing, the ALJ denied Carillo-Yeras's application,

finding that she had the residual functional capacity to perform her past work as a medical receptionist or hospital admitting clerk. Carillo-Yeras sought Appeals Council review of the decision.

On June 20, 2003, while her request for Appeals Council review of the ALJ's unfavorable decision was pending, Carillo-Yeras filed a second application for disability insurance benefits and for supplemental security income. This time, she alleged disability beginning March 25, 2003 due to back injury, numbness and tingling with a burning sensation, and a diagnosis of arachnoiditis. On August 19, 2003, the state agency responsible for the initial determination of disability found that Carillo-Yeras met the criteria of the medical listing for spinal arachnoiditis. As a result, the agency concluded that Carillo-Yeras was disabled as of March 25, 2003. She began receiving disability insurance benefits and supplemental security income.

On June 2, 2004, the Appeals Council granted Carillo-Yeras's request for review of the March 24, 2003 denial of her first application. It also reopened the August 19, 2003 favorable determination on her second application. The Appeals Council notified Carillo-Yeras of its intent to consolidate the two cases and remand for a new hearing. After receiving no comments from Carillo-Yeras on its proposed course of action, the Appeals Council remanded the cases on September 15, 2004.

On May 16, 2006, after receiving additional medical records and conducting a supplemental hearing, the ALJ issued a new decision denying both of Carillo-Yeras's applications for benefits. The ALJ made no mention of the 23-month delay between the time the case was reopened and the new decision rendered, nor did he make any finding that the SSA had been diligent in pursuing the investigation of the matter. He found that the record did not support a diagnosis of spinal arachnoiditis and concluded that Carillo-Yeras was

not disabled because she had the residual functional capacity to perform her past relevant work. Carillo-Yeras sought Appeals Council review of the unfavorable decision, and the Council denied her request.

Carillo-Yeras then filed a complaint in district court, arguing that the applicable regulations prohibited the ALJ from revising the August 19, 2003 favorable determination without first finding that the agency diligently pursued its investigation into whether it should revise, and that the ALJ erred in rejecting the opinion of Carillo-Yeras's treating physicians and in finding her subjective symptom testimony to be "not entirely credible." The district court affirmed the ALJ's denial of benefits, and Carillo-Yeras appeals. We have jurisdiction under 28 U.S.C. § 1291.

## II.   Discussion

### A.   Standard of Review

We review de novo the district court's order upholding the ALJ's denial of benefits. *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004). We may overturn the ALJ's decision "only if it is not supported by substantial evidence or if it is based on legal error." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (quotation marks and citation omitted).

### B.   Timeliness of Revision

The SSA may reopen a determination regarding eligibility for disability insurance benefits (a) "[w]ithin 12 months of the date of the notice of the initial determination, for any reason;" (b) "[w]ithin four years of the date of the notice of the initial determination if [the agency] find[s] good cause, as defined in § 404.989, to reopen the case;" or (c) "[a]t any time," if the determination was obtained by fraud or in certain other specified circumstances. 20 C.F.R. § 404.988. Similarly, a determination regarding eligibility for supplemental security income

may be reopened (a) "[w]ithin 12 months of the date of the notice of the initial determination, for any reason;" (b) "[w]ithin two years of the date of the notice of the initial determination if [the agency] find[s] good cause, as defined in § 416.1489, to reopen the case;" or (c) "[a]t any time if it was obtained by fraud or similar fault." 20 C.F.R. § 416.1488.

In certain circumstances, the SSA may revise a determination after the expiration of the time limits in 20 C.F.R. §§ 404.988 and 416.1488:

> We may revise a determination or decision after the applicable time period in § 404.988(a) [or § 416.1488(a)] or § 404.988(b) [or § 416.1488(b)] expires if we begin an investigation into whether to revise the determination or decision before the applicable time period expires. We may begin the investigation either based on a request by you or by an action on our part. The investigation is a process of gathering facts after a determination or decision has been reopened to determine if a revision of the determination or decision is applicable.
>
> (a) If we have diligently pursued the investigation to its conclusion, we may revise the determination or decision. The revision may be favorable or unfavorable to you. "Diligently pursued" means that in light of the facts and circumstances of a particular case, the necessary action was undertaken and carried out as promptly as the circumstances permitted. Diligent pursuit will be presumed to have been met if we conclude the investigation and if necessary, revise the determination or decision within 6 months from the date we began the investigation.
>
> (b) If we have not diligently pursued the investigation to its conclusion, we will revise the determination or decision if a revision is applicable and if it

will be favorable to you. We will not revise the
determination or decision if it will be unfavorable to
you.

20 C.F.R. §§ 404.991a, 416.1491.

Carillo-Yeras argues that the SSA impermissibly revised
the August 19, 2003 favorable determination because it did
not diligently pursue the revision. Carillo-Yeras's argument is
primarily based on language found in the SSA's Program
Operations Manual System ("POMS"), an internal agency
document used by employees to process claims.[1] POMS DI
27505.005C, which applies to disability insurance claims,
states: "If the investigation and revision take longer than 6
months, SSA must show that the issue was diligently pur-
sued." *See also* POMS GN 04001.060B.1.b ("If the investiga-
tion takes more than 6 months, then SSA will have to show
that it was diligently pursued if the revision would be unfa-
vorable to the individual."). Carillo-Yeras argues that these
sub-regulatory provisions impose on the ALJ a burden of
making an explicit showing of diligence.

POMS may be "entitled to respect" under *Skidmore v. Swift
& Co.*, 323 U.S. 134 (1994), to the extent it provides a persua-
sive interpretation of an ambiguous regulation, *see Christen-
sen v. Harris Cnty.*, 529 U.S. 576, 587-88 (2000), but it "does
not impose judicially enforceable duties on either this court or
the ALJ." *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d
1068, 1073 (9th Cir. 2010) (citing *Lowry v. Barnhart*, 329
F.3d 1019, 1023 (9th Cir. 2003)) (holding that ALJ was not
required to *explain* decision to use claimant's actual age for

---

[1] Carillo-Yeras also cites two sections of the SSA Office of Disability
Adjudication and Review's Hearings, Appeals and Litigation Law Manual
("HALLEX") in support of her argument. But those sections merely para-
phrase the regulations without adding any content, so we do not discuss
them here. *Compare* HALLEX I-2-9-50, *and* HALLEX I-3-9-5, *with* 20
C.F.R. §§ 404.991a, and 416.1491.

purposes of determining whether claimant could work, where regulation only required ALJ to *consider* using older age category); *see also Moore v. Apfel*, 216 F.3d 864, 868-69 (9th Cir. 2000) (declining to review allegations of noncompliance with internal agency manual because such a manual "does not carry the force and effect of law."). For that reason, we decline to hold that the ALJ erred simply by failing to make an explicit finding of diligence.

**[1]** Nevertheless, even though POMS does not impose any judicially enforceable duties on the SSA, "[t]he Code of Federal Regulations is clearly binding upon the Commissioner." *Moore*, 216 F.3d at 869. The regulations applicable here do not require the ALJ to make an explicit finding of diligent pursuit or to explain or analyze any periods of delay in the investigation. *See* 20 C.F.R. §§ 404.991a, 416.1491. But they do prohibit the SSA from revising a determination in a manner unfavorable to the claimant after the expiration of the time limits in 20 C.F.R. §§ 404.988 and 416.1488 if the agency "ha[s] not diligently pursued the investigation to its conclusion." 20 C.F.R. §§ 404.991a(b), 416.1491(b). The regulations define "diligently pursued" to mean that "in light of the facts and circumstances of a particular case, the necessary action was undertaken and carried out as promptly as the circumstances permitted." 20 C.F.R. §§ 404.991a(a), 416.1491(a). Where, as here, a determination is not revised within six months of reopening, there is no presumption that the agency diligently pursued its investigation. *Id.*

**[2]** In the absence of any explicit finding of diligence by the ALJ, we examine the record ourselves to see if it supports an implicit finding of diligence. The record does not support a finding that "in light of the facts and circumstances of a particular case, the necessary action was undertaken and carried out as promptly as the circumstances permitted." 20 C.F.R. §§ 404.991a(a), 416.1491(a). The Appeals Council reopened the determination on June 2, 2004, and the ALJ did not revise the determination until May 16, 2006. The record reveals a

number of inexplicable delays within this 23-month period, including more than three months between the Appeals Council's decision to reopen the determination and the order remanding the consolidated cases to the ALJ; more than three months between the remand order and any action by the Office of Hearings and Appeals to begin preparing Carillo-Yeras's file for review; four months between the ALJ-ordered orthopedic consultative examination and the neurologic consultative examination; and more than four months between the last consultative examination and the notice scheduling the supplemental hearing.

[3] Having reviewed the administrative record, we can deduce no reason for these delays. The ALJ's decision provides no explanation. Because the record does not support a conclusion that the investigation was carried out as promptly as circumstances permitted, the ALJ lacked authority under the regulations to revise the August 19, 2003 determination in a manner unfavorable to Carillo-Yeras. We reverse and remand with instructions to reinstate the August 19, 2003 determination. *See Swensen v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989) ("We may direct the award of benefits where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed.").

**REVERSED and REMANDED.**