**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BARBARA ANN RESSLER,

               Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner Social Security,

               Defendant-Appellee.

No. 15-15979

D.C. No. 2:13-cv-02471-SPL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Argued and Submitted March 17, 2017
San Francisco, California

Before: WARDLAW and GOULD, Circuit Judges, and SHEA,[**] District Judge.

Barbara Ressler appeals the district court's order affirming the

Commissioner's denial of Ressler's application for supplemental security income

under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Edward F. Shea, United States District Judge for the Eastern District of Washington, sitting by designation.

Ressler claimed that disability entitled her to supplemental security income based on a schizophrenia diagnosis. After performing the five step disability evaluation set forth in 20 C.F.R. § 416.920, the Administrative Law Judge (ALJ) concluded that Ressler was not disabled within the meaning of the Social Security Act because she could perform work available in sufficient quantities in the national economy. The district court affirmed.

Ressler asserts that the ALJ committed two errors that require reversal: (1) the ALJ inappropriately failed to perform a function-by-function analysis as to residual functional capacity; and (2) the ALJ erred in relying on the Medical-Vocational Guidelines at Step 5, rather than taking testimony from a vocational expert.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse the judgment of the district court and remand with instructions to remand to the ALJ for an award of benefits.

I.

Ressler's medical background and relevant facts are known to the parties and need not be recited here.

II.

A district court's order upholding the Commissioner's denial of benefits is reviewed de novo. *See Carillo-Yeras v. Astrue*, 671 F.3d 731, 734 (9th Cir. 2011). We will uphold the Commissioner's decision if it is free of legal error and supported by substantial evidence. *Id.*

III.

The ALJ need not perform a function-by-function analysis for conditions or impairments that the ALJ "found neither credible nor supported by the record." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). In order for this standard to apply, however, the ALJ must have properly rejected evidence supported by the record and contained in credible testimony. Here, the ALJ erred by improperly weighing medical evidence and improperly weighing the testimony of Ressler and Schindler. Applying the proper analysis, Ressler has significant nonexertional limitations. The ALJ should have performed a function-by-function analysis and taken vocational expert testimony.

The ALJ applied the incorrect standard when rejecting medical evidence. Our cases clearly hold that an ALJ "must explain why significant probative evidence has been rejected." *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (internal quotation marks omitted). Our precedent also sets specific standards for rejecting medical evidence, *see Bayliss*, 427 F.3d at 1216, in

addition to the general "demand that the agency set forth the reasoning behind its decisions in a way that allows for meaningful review." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). This is particularly true when the ALJ accepts portions of a medical opinion, but rejects other portions of the opinion.

The ALJ failed to apply these standards. The ALJ explained that he gave weight to the medical opinions and medical evidence in the record "to the extent that they are consistent with this decision." Such a standard is nowhere reflected in our case law and the ALJ's application of it constitutes an error of law.

In addition, the ALJ improperly determined that the testimony of Ressler and Schindler was not credible. This Court has explained that "impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014). The ALJ relied on Ressler's minimal daily activities to determine that the testimony was not credible. This was improper, as Ressler's activities did not indicate an ability to work. Especially given the fact that there was no evidence or claim of malingering, the ALJ's explanation for rejecting Ressler's testimony was insufficient. *Burrell v. Colvin*, 775 F.3d 1133, 1136–37 (9th Cir. 2014) (affirming that an ALJ must

4

provide "specific, clear, and convincing reasons" for rejecting a claimant's testimony, unless there is evidence of malingering).

Finally, due to the severe nonexertional limitations reflected by the record and by the testimony of Ressler and Schindler, the Medical-Vocational Grid categories did not fully reflect Ressler's limitations. The ALJ was therefore required to take testimony from a vocational expert, rather than relying on the Medical-Vocational Guidelines. *Holohan v. Massanari*, 246 F.3d 1195, 1208–09 (9th Cir. 2001).

## IV.

As a result of the error discussed above, the application of the credit-as-true rule is appropriate in this case. That rule requires that:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose;
>
> (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and
>
> (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison*, 759 F.3d at 1020.

Here, all three requirements of the credit-as-true rule are satisfied. First, there is no need to develop the record or convene further proceedings. Although

the ALJ did not perform a function-by-function analysis, that failure does not necessarily require remand. *See id.* at 1021 n.28. Moreover, in response to questioning by Ressler's representative, the vocational expert opined that an individual who would be unable to stay on task for 15 percent of a work day would be unable to maintain employment. Based on this limited testimony and the evidence in the record of Ressler's inability to maintain focus throughout the day, further proceedings are not required to determine whether Ressler is disabled.

Second, as explained above, the ALJ failed to apply the proper legal standard for rejecting medical evidence and testimony.

Third, if the medical opinions and testimony is weighed appropriately, and if such evidence is properly credited as true, then in light of the vocational expert's testimony the ALJ would be required to make a finding that Ressler was disabled on remand.

Finally, there is nothing in the record as a whole that creates serious doubt about whether Ressler is, in fact, disabled within the meaning of the Social Security Act.

Accordingly, the Court remands for a calculation and award of benefits.

**REVERSED and REMANDED.**