FILED

NOT FOR PUBLICATION

MAY 09 2018

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARIA DELOSANGELES RUIZ,

Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner Social Security,

Defendant-Appellee.

No. 16-56163

D.C. No. 5:15-cv-01378-JVS-JEM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted March 7, 2018
Pasadena, California

Before: GRABER, W. FLETCHER, and OWENS, Circuit Judges.

Plaintiff-Appellant Maria Delosangeles Ruiz ("Appellant") appeals from the

district court's decision affirming the Commissioner of Social Security's

("Commissioner") denial of her application for disability insurance benefits under

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Title II of the Social Security Act, 42 U.S.C. § 401 *et seq*. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a district court's order upholding the Commissioner's denial of benefits de novo. *See Carillo-Yeras v. Astrue*, 671 F.3d 731, 734 (9th Cir. 2011). We only affirm the Commissioner's decision if it is supported by substantial evidence and not based on legal error. *Id*. Factual determinations are supported by substantial evidence when there is relevant evidence that a reasonable person could find adequate to support a conclusion. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1011 (9th Cir. 2003). An Administrative Law Judge's ("ALJ") credibility findings must be supported by specific, cogent reasons. *See Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006). On review, we uphold credibility determinations unless they are "inherently incredible or patently unreasonable." *Relaw Broad. Co. v. NLRB*, 53 F.3d 1002, 1006 (9th Cir. 1995) (citation and internal quotation marks omitted).

The ALJ properly evaluated Appellant's ability to perform her past relevant work at step four of the five-step sequential process for disability determinations. *See* 20 C.F.R. § 404.1520. At step four, the ALJ determines whether a claimant's impairment prevents her from doing past relevant work. *Pinto v. Massanari*, 249 F.3d 840, 844-45 (9th Cir. 2001). Here, the ALJ determined that Appellant could

perform her past relevant work as a sewing machine operator. Appellant argues that the ALJ's conclusion is legally erroneous because he failed to resolve the conflict between the vocational expert's ("VE") testimony that Appellant could perform her past work as a sewing machine operator, as generally performed, and the requirements of that vocation in the Dictionary of Occupational Titles ("DOT"). No legal error is apparent. Though "an ALJ is required to investigate and resolve any apparent conflict between the VE's testimony and the DOT," *Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2018), a conflict is apparent only if the challenged vocational requirement is "essential, integral, or expected" for the job, *Gutierrez v. Colvin*, 844 F.3d 804, 808 (9th Cir. 2016). The DOT's 02 Language Development Level for a sewing machine operator lists requirements including writing cursive, reading 190-215 words per minute, and having a passive vocabulary of 5,000-6,000 words. DOT § 787.682-030, App. C. Though the record suggests Appellant does not have those English language capabilities, it is not obvious that the language requirements are essential, integral, or expected for the work of a sewing machine operator.

The ALJ properly evaluated Appellant's residual functional capacity ("RFC") for a modified range of light work. Appellant contends that her RFC is not supported by substantial evidence because the ALJ improperly rejected the

3

opinions of her treating physician Dr. Thomas Grogan, improperly rejected her subjective symptom testimony, and relied on a hypothetical for the VE that erred in rejecting both as well.

The ALJ provided specific, legitimate reasons, supported by substantial evidence, for rejecting Dr. Grogan's opinion that Appellant was permanently disabled and unable to work. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996). Dr. Grogan's disability determinations were not consistently supported by independent examination findings and did not consider Appellant's past relevant work as a sewing machine operator. In one instance, Dr. Grogan determined that Appellant's physical limitations left her permanently disabled only from conducting her past work as a driver and distributor. In another instance, Dr. Grogan used a check-off form to indicate much more severe limitations that mirrored Appellant's subjective complaints and that were not supported by independent examination findings. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (explaining that an ALJ may "permissibly reject[ ] . . . check-off reports that [do] not contain any explanation of the bases of their conclusions") (alterations in original) (internal quotation marks omitted). The Commissioner permissibly resolved this conflict by placing more weight on Appellant's orthopedic consultative examination conducted by Dr. Vincent Bernabe. *See Andrews v.*

4

*Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (explaining that where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings). Dr. Bernabe found that Appellant's physical limitations would limit her to performing light work.

The ALJ provided specific, clear and convincing reasons, supported by substantial evidence, for discounting Appellant's self-reported subjective symptoms. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039-40 (9th Cir. 2008). Appellant's subjective symptoms were internally inconsistent and unsupported by the objective medical evidence. Appellant first reported she had no problems with attention and could follow instructions well, then just a few months later claimed that she could pay attention only 20-30 minutes and could not follow instructions well. There was no reported change in her medical condition to support this alleged deterioration. *See Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). Appellant also never reported the degree of pain or severity of limitations to her treatment providers that she subjectively alleged, and some allegations were undermined by her objective medical record. *See Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1464 (9th Cir. 1995).

The ALJ thus posed an appropriate hypothetical to the VE that took into consideration only limitations supported by substantial evidence. *Osenbrock v. Apfel*, 240 F.3d 1157, 1163 (9th Cir. 2001).

**AFFIRMED.**