NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 9 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PATRICK L. DARDEN,

            Plaintiff-Appellant,

   v.

ANDREW M. SAUL, Commissioner of
Social Security,

            Defendant-Appellee.

No.   19-35696

D.C. No. 3:18-cv-05756-RSM

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief District Judge, Presiding

Submitted March 4, 2021[**]
San Francisco, California

Before:  BALDOCK,[***] WARDLAW, and BERZON, Circuit Judges.

Patrick L. Darden, a former truck driver, appeals the district court's order

upholding the Social Security Administration's denial of disability benefits.  We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Bobby R. Baldock, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Panel

have jurisdiction under 28 U.S.C. § 1291. Because the decision of the administrative law judge ("ALJ") is supported by substantial evidence and does not include legal error, we affirm. *See, e.g., Carillo-Yeras v. Astrue*, 671 F.3d 731, 734 (9th Cir. 2011).

1. The ALJ did not err when he gave no, little, or only partial weight to the opinions of several treating and examining doctors in assessing Darden's residual functional capacity ("RFC"). Because the record contained conflicting medical opinions, the ALJ was required to provide "specific and legitimate" reasons supported by substantial evidence for discounting these opinions. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quoting *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)). The ALJ met this burden as to each of the medical opinions.

a. The ALJ did not err by giving little weight to the opinion of Darden's primary care physician, Dr. Cooke. The ALJ discounted Dr. Cooke's opinion because it was inconsistent with Darden's own account of his daily living activities, his history of conservative treatment, and Dr. Cooke's own notes. Inconsistency between the opinion of a treating physician and self-reported daily activities or the physician's own records is a specific and legitimate reason for discounting a treating source opinion. *See* 20 C.F.R. § 404.1527(b)(4); *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020) ("A conflict between a treating

physician's opinion and a claimant's activity level is a specific and legitimate reason for rejecting the opinion."); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (holding that "incongruity" between a doctor's opinion and his own medical records is a specific and legitimate reason for rejecting that opinion). The record shows that Darden performed daily activities such as washing dishes, frequently going outside, driving for up to an hour, and sitting for extended periods; received no specialist treatment for back pain[1]; and experienced only "mild pain" after using a Medrol dosepack. The ALJ also properly discounted Dr. Cooke's opinion for being vague. *See, e.g.*, *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999).

b.      The ALJ did not err by giving little weight to the opinion of consultative examiner Dr. Schneider because the opinion did not provide "specific functional limitations" that could be incorporated into the RFC assessment. Lack of specificity regarding functional limitations is a specific and legitimate reason to discount an opinion. *See Ford*, 950 F.3d at 1156.

c.      The ALJ did not err by giving only some weight to the opinion of consultative examiner Dr. Patterson. The ALJ discounted the opinion because it

---

[1] Darden argues that the ALJ erred by failing to consider that Darden could not afford further treatment for his back pain. However, Darden did not testify that the cost of medication or seeing a specialist prevented him from pursuing treatment for his back pain. Rather, he indicated that Dr. Cooke never referred him to a specialist.

"appear[ed] to be based primarily on the claimant's subjective reports rather than the finding of his mental status examination" and was inconsistent with Dr. Patterson's own records. Because psychiatric evaluations always rely in part on self-reports, "the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness." *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). However, the ALJ here did not reject Dr. Patterson's opinion because it was based on a self-report, but instead reasonably observed that the objective findings on the mental status examination performed by Dr. Patterson contradicted the limitations in his opinion.

     d.     The ALJ did not err by giving little weight to the opinions of state examiners Dr. Kraft and Dr. Haney. Dr. Kraft and Dr. Haney were non-examining doctors. The ALJ could thus reject their opinions "by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998). The ALJ concluded that the limitations indicated in those opinions were inconsistent with "the overall lack of mental health treatment sought by the claimant." Darden argues that the ALJ erred by failing to account for his inability to afford additional treatment. However, while Darden testified that he did not seek mental health treatment because "initially there was going to be out of pocket" costs, he never stated that those costs were prohibitive, and he agreed that he chose not to prioritize mental health treatment.

2.     The ALJ did not err by discounting Darden's testimony about the extent of his limitations.  An ALJ must provide "specific, clear and convincing reasons" for rejecting a claimant's testimony about the severity of his symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)).  The ALJ here gave three: Darden's testimony was internally inconsistent; Darden's testimony conflicted with his activities of daily living; and Darden's testimony conflicted with his history of conservative treatment.  Although the ALJ's conclusion that Darden's daily activities were consistent with sedentary work lacks evidentiary support because none of Darden's stated activities require lifting 10 pounds, *see* C.F.R. § 404.1567(a); *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007), the ALJ provided other reasons that are supported by substantial evidence and sufficient to discount Darden's testimony.

"[I]nconsistencies in testimony" are a permissible reason to discount a claimant's testimony.  *Orn*, 495 F.3d at 636.  Here, Darden was inconsistent about whether he would be able to attend school for the equivalent of a 40-hour work week.  An ALJ may also discount a claimant's testimony when the record shows the claimant "responded favorably to conservative treatment" or failed to seek aggressive treatment in a manner that undermines his claims.  *Tommasetti*, 533 F.3d at 1039–40.  The record here shows Darden received notably conservative

5

treatment for both his mental and physical health disabilities. He never saw a specialist or had injections or physical therapy for his back pain. He never sought specialized mental health treatment and responded well to conservative ADD medication prescribed by Dr. Cooke.

3.      The ALJ did not err by discounting the lay testimony of Darden's mother. An ALJ may discount lay testimony for any germane reason. *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017). Here, the ALJ found the testimony of Darden's mother inconsistent with the totality of the evidence in the record and specifically with the findings of Dr. Leinenbach and Dr. Patterson. These germane reasons are supported by substantial evidence.

**AFFIRMED.**