**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

GEORGE N. ALLEN,
*Plaintiff-Appellant*,

v.

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,
*Defendant-Appellee.*

No. 19-15987

D.C. No.
1:17-cv-00239-
DAD-JDP

OPINION

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Argued and Submitted February 7, 2022
San Francisco, California

Filed May 24, 2022

Before: Kim McLane Wardlaw, Sandra S. Ikuta, and
Bridget S. Bade, Circuit Judges.

Opinion by Judge Ikuta

## SUMMARY[*]

### Social Security

The panel affirmed the district court's decision upholding the Commissioner of Social Security's determination that claimant George Allen was ineligible for disability benefits under the Social Security Act due to his confinement by court order in Coalinga State Hospital pending his trial under California's Sexually Violent Predator Act ("SVPA").

The SVPA authorizes the involuntary civil commitment of an individual who is found to be a "sexually violent predator." Cal. Welf. & Inst. Code §§ 6600–09. The Social Security Act provides that no monthly benefits shall be paid to individuals who are confined at public expense, including someone who "immediately upon completion of confinement" for a criminal sexual offense "is confined in an institution at public expense pursuant to a finding that the individual is a sexually dangerous person or a sexual predator or a similar finding." 42 U.S.C. § 402(x)(1)(A)(iii).

At the time he received disability benefits, George Allen was civilly confined at public expense by court order pursuant to the SVPA after a probable cause hearing, but before a full civil commitment trial. The panel held that § 402(x)(1)(A)(iii) applies to a person who is civilly confined at a public expense pursuant to SVPA.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel concluded that the state trial court's confinement order in Allen's case was pursuant to "a finding that [Allen] is a sexually dangerous person or a sexual predator or a similar finding" for purposes of § 402(x)(1)(A)(iii). Further, the state court made the requisite finding that there was probable cause to believe that Allen "will engage in sexually violent criminal conduct if released," and that "the sexually violent criminal conduct will be predatory in nature." This finding qualified as a finding that Allen was a "sexually dangerous person or a sexual predator or a similar finding" as required by § 402(x)(1)(A)(iii). The state court's finding was made after a hearing subject to robust procedural protections, and Allen did not argue that the procedure was constitutionally insufficient to detain Allen pending a trial. The state court then issued a confinement order based on this finding, which was sufficient for purposes of § 402(x)(1)(A)(iii). Accordingly, the panel concluded that the Commissioner did not err in concluding that Allen was not eligible for benefits while civilly confined at state expense.

**COUNSEL**

Rylee Olm (argued), R. Adam Lauridsen, and Maya Perelman, Keker Van Nest & Peters LLP, San Francisco, California; for Plaintiff-Appellant.

Philip A. Scarborough (argued), Assistant United States Attorney; McGregor W. Scott, United States Attorney; United States Attorney's Office, Sacramento, California; sfor Defendant-Appellee.

**OPINION**

IKUTA, Circuit Judge:

The Social Security Act provides that "no monthly benefits" shall be paid to individuals who are confined and maintained at public expense, including any individual who "immediately upon completion of confinement" for a criminal sexual offense "is confined by court order in an institution at public expense pursuant to a finding that the individual is a sexually dangerous person or a sexual predator or a similar finding." 42 U.S.C. § 402(x)(1)(A)(iii).

This appeal raises the question whether § 402(x)(1)(A)(iii) applies to a person who was civilly confined at public expense pursuant to California's Sexually Violent Predator Act (SVPA), Cal. Welf. & Inst. Code §§ 6600–09, which authorizes a court to confine a person pursuant to a finding that there is probable cause that the person is a sexually violent person. *See* Cal. Welf. & Inst. Code § 6602. We hold that § 402(x)(1)(A)(iii) authorizes the

government to suspend payment of benefits to a person confined pursuant to Cal. Welf. & Inst. Code § 6602.

## I

George Allen was convicted of two counts of rape, *see* Cal. Pen. Code § 261, in March 1995, and was sentenced to a term of seventeen years. Eight years later, Allen was scheduled to be released on parole. Before his release, the state petitioned the trial court to order Allen civilly detained pending further proceedings under the SVPA.

After a hearing at which Allen was present and represented by appointed counsel, *see* Cal. Welf. & Inst. Code § 6601.5, the trial court found that "there is a strong suspicion" that Allen had been convicted of two predicate offenses under the SVPA, and that he "has a diagnosed mental disorder that makes him a danger to the health and safety of others; in that it is likely that he would engage in sexually violent behavior if released from the jurisdiction of the Department of Corrections." The court ordered Allen detained at Atascadero State Hospital pending a further probable cause hearing under the SVPA. *See id.* § 6602.

The trial court subsequently held a probable cause hearing required under the SVPA. *See id.* Allen was again present and represented by counsel. After the state presented its case and Allen moved to dismiss the petition, the court rejected Allen's motion and made the findings required to confine Allen pending a civil commitment trial. Its order stated:

> The Court finds that there is a strong suspicion that the person named in the petition George Allen:

(1) Has been convicted of a qualifying
sexually violent offense,

(2) That the defendant suffers from a
diagnosable mental disorder,

(3) That the disorder makes it likely that they
will engage in sexually violent criminal
conducted if released . . . , and

(4) That the sexually violent criminal conduct
will be predatory in nature.

The court entered an order requiring Allen to "remain in
custody in a secure facility pending trial."

In February 2012, while confined by court order in
Coalinga State Hospital pending his trial under the SVPA,
Allen applied for Social Security disability benefits. The
Social Security Administration (SSA) approved his
application, and Allen received benefits totaling $20,647
between March 2012 and April 2014.

In May 2014, the SSA notified Allen that these benefits
had been issued in error, and required him to refund the
benefits previously paid. Allen challenged that determination
and requested a hearing before an Administrative Law Judge
(ALJ). After a hearing, the ALJ determined that
§ 402(x)(1)(A)(iii) made Allen ineligible for benefits, and
ordered him to repay the $20,647 to the SSA.

In his decision, the ALJ rejected Allen's argument that
§ 402(x)(1)(A)(iii) did not apply because he had not yet been
determined to be a sexually violent predator at a civil

commitment trial. The ALJ reasoned that Allen had "already been deemed [a sexually violent predator] civil detainee," and was confined in a state hospital. Further, the ALJ held that even if Allen was not yet determined to be a sexually violent predator when he received the benefits, Allen was overpaid because he "remained in custody in a secure facility." Allen sought judicial review of the ALJ's decision in the district court.[1] The district court concluded that Allen was not eligible for disability benefits. Allen timely appealed.

II

We have jurisdiction under 28 U.S.C. § 1291. We review the district court's judgment upholding the Commissioner's denial of benefits de novo. *Larson v. Saul*, 967 F.3d 914, 922 (9th Cir. 2020), *cert. denied*, 142 S. Ct. 896 (2022). "We must affirm the Commissioner's decision if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001).

A

The Social Security Act makes monthly insurance payments available to retired and disabled workers, and to the survivors of deceased workers, to replace the loss of income. 42 U.S.C. §§ 402, 423. In 1980, the Act was amended to preclude the payment of disability benefits to incarcerated

---

[1] In February 2018, while Allen's appeal was pending in the district court, Allen's civil commitment trial finally took place. The jury unanimously found Allen a sexually violent predator beyond a reasonable doubt. Following the verdict, the court ordered Allen civilly committed for an indefinite period. *See* Cal. Welf & Inst. Code § 6604.

felons. *See Quinlivan v. Sullivan*, 916 F.2d 524, 525 (9th Cir. 1990).**[2]**  The statute has since been amended to cover other individuals confined in institutions at public expense. *See, e.g.*, 140 Cong. Rec. H11010-01, H11011, 1994 WL 553465; 145 Cong. Rec. H12174-03, H12187, 1999 WL 1041261. In 1999, Congress added § 402(x)(1)(A)(iii) to the Act, which provides that "no monthly benefits" shall be paid to individuals who are confined for specified reasons, including any individual who:

> immediately upon completion of confinement [in a jail, prison, or other penal institution or correctional facility] pursuant to conviction of a criminal offense an element of which is sexual activity, is confined by court order in an institution at public expense pursuant to a finding that the individual is a sexually dangerous person or a sexual predator or a similar finding.

42 U.S.C. § 402(x)(1)(A)(iii).

The question before us is whether this section applies to a person who is civilly confined at public expense by court order pursuant to the SVPA after a probable cause hearing, but before a full civil commitment trial.

---

**[2]** The Senate Report accompanying the bill explained that "[t]he disability program exists to provide . . . income to those whose earnings are cut off because they have suffered a severe disability.  The need for this continuing source of income is clearly absent in the case of an individual who is being maintained at public expense in prison."  S.Rep. No. 96-987, at 8 (1980), 1980 U.S.C.C.A.N. 4787.

B

We begin by briefly outlining the SVPA scheme. The SVPA authorizes the involuntary civil commitment of an individual who is found to be a "sexually violent predator." Cal. Welf. & Inst. Code §§ 6600–09. The SVPA defines a sexually violent predator as "a person who has been convicted of a sexually violent offense against one or more victims and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." *Id.* § 6600(a)(1).

The statute sets forth "a complex administrative and judicial process to determine whether an offender should be civilly committed as an SVP," the last step of which is a civil trial. *Cooley v. Superior Ct.*, 29 Cal. 4th 228, 244 (Cal. 2002), *as modified* (Jan. 15, 2003). Before a prisoner's scheduled release date, prison officials may refer a prisoner suspected of being a sexually violent predator to evaluation, including a mental health evaluation. Cal. Welf. & Inst. Code § 6601(a). If two mental health professionals "concur that the person has a diagnosed mental disorder so that [he or she] is likely to engage in acts of sexual violence without appropriate treatment and custody," prison officials "shall forward a request for a petition for commitment" to the appropriate county. *Id.* § 6601(d). The state district attorney or county counsel may then file a petition for commitment with the state trial court. *Id.* § 6601(i). If the judge determines that the petition "states or contains sufficient facts that, if true, would constitute probable cause to believe that the individual named in the petition is likely to engage in sexually violent predatory criminal behavior upon his or her release," the judge "shall

order that the person be detained in a secure facility until a hearing can be completed." *Id.* § 6601.5.

At the subsequent probable cause hearing, the trial court "shall determine whether there is probable cause to believe that the individual named in the petition is likely to engage in sexually violent predatory criminal behavior upon his or her release." *Id.* § 6602(a). In this context, the phrase "likely to engage in sexually violent predatory criminal behavior upon his or her release" means that the person "presents a *serious and well-founded risk* of committing sexually violent criminal acts that will be of a predatory nature" if free in the community. *Cooley*, 29 Cal. 4th at 236 (emphasis in original). The individual named in the petition is entitled to assistance of counsel at this hearing. *Id.* at 245 (citing Cal. Welf. & Inst. Code § 6602(a)). The SVPA itself does not delineate the procedure for the probable cause hearing, but the California Supreme Court has held "that the hearing includes cross-examination of any experts relied on by the [state] and the presentation of oral and written evidence bearing on probable cause." *Id.* at 245 n.8. "The person named in the petition is thus allowed to 'challenge the accuracy' of the evaluations by experts who found that he or she met the criteria for an SVP." *Id.* The person may also "call other witnesses who have relevant evidence to give bearing on the issue of probable cause." *Id.*

Under California law, "the probable cause determination, like the ultimate determination to be made at trial, encompasses all four of the elements contained in the definition of an SVP." *See id.* at 250. Specifically, the court must make findings of a "statutorily defined diagnosed mental disorder," of "future dangerousness," that "the future acts of sexual violence will be predatory," and that "the

offender has been convicted of at least one qualifying offense." *Id.* at 248–49. "[A] determination of probable cause by a superior court judge under the SVPA entails a decision whether a reasonable person *could entertain a strong suspicion* that the offender is an SVP." *Id.* at 252 (partial emphasis in original). In reaching this conclusion, the judge "may weigh the evidence, resolve conflicts, and give or withhold credence to particular witnesses." *Id.* at 257. The trial court "may not substitute its own personal belief as to the ultimate determination to be made at trial for that of a reasonable person evaluating the evidence." *Id.* at 258.

If the trial court determines that there is probable cause, "the judge shall order that the person remain in custody in a secure facility until a trial is completed and shall order that a trial be conducted to determine whether the person is, by reason of a diagnosed mental disorder, a danger to the health and safety of others in that the person is likely to engage in acts of sexual violence upon his or her release from the jurisdiction of the Department of Corrections or other secure facility." *Id.* at 245 (citing Cal. Welf. & Inst. Code § 6602(a)).

At the civil commitment trial, the jury is charged with determining whether the individual is a sexually violent predator as defined in § 6600(a)(1) beyond a reasonable doubt. Cal. Welf. & Inst. Code § 6604. A jury verdict on the issue must be unanimous. *Id.* § 6603(g).

III

We next turn to the question whether a finding that the person named in a petition for confinement under the SVPA "is likely to engage in sexually violent predatory criminal

behavior upon his or her release" and "is likely to engage in acts of sexual violence upon his or her release," Cal. Welf. & Inst. Code § 6602(a), qualifies as "a finding that the individual is a sexually dangerous person or a sexual predator or a similar finding" as required by § 402(x)(1)(A)(iii).

Allen argues that a finding under section 6602 does not so qualify. His primary argument is that the use of the word "is" in § 402(x)(1)(A)(iii) (which requires "a finding that the individual *is* a sexually dangerous person" (emphasis added)) calls for a higher degree of certainty than probable cause. Allen gives a number of reasons for this assertion. First, he argues that a finding based on probable cause requires only a likelihood that something will occur, whereas the word "is" in § 402(x)(1)(A)(iii) connotes greater certainty and therefore necessitates a finding beyond a reasonable doubt. In support of this argument, he notes that a state court can make a probable cause finding under the SVPA with less evidence than would be required at trial. For instance, while a jury must find four elements beyond a reasonable doubt in order to conclude that an individual meets the definition of a sexually violent predator, Allen argues that a trial court need not find all four elements in order to make a probable cause determination.[3] In addition, Allen argues that an individual at a probable cause hearing under the SVPA is deprived of the procedural safeguards required at trial, such as the right to trial by jury, a right to retain experts, and a right to all relevant records and reports. Because a probable cause finding that an individual is a sexually violent predator under

---

[3] Contrary to Allen's argument, the California Supreme Court has determined that the probable cause hearing encompasses all four of these elements. *See supra* Section II.B; *see also Cooley*, 29 Cal. 4th at 250.

the SVPA cannot result in the certainty provided by a jury trial, Allen claims, the probable cause finding does not result in a finding that an individual "is" a sexually dangerous person or a sexual predator.

We disagree that the use of the word "is" in § 402(x)(1)(A)(iii) requires a greater degree of certainty than provided by the probable cause standard in section 6602. First, § 402(x)(1)(A)(iii) itself does not require that the requisite finding be made by a court or jury beyond a reasonable doubt. Nor does the federal statute prescribe any procedural requirements that must be followed in state civil commitment proceedings.

Moreover, Allen's claim that the word "is" requires certainty fails when we consider the nature of the finding required by § 402(x)(1)(A)(iii). A determination that an individual is a "sexually dangerous person" or a "sexual predator" is inherently forward-looking and therefore based on a likelihood (or probability) of future activity. Under the common usage of the terms in the federal statute in 1999, when § 402(x) was amended to include them, the word "dangerous" was defined as "likely to cause injury, pain, etc.," and "predator" was defined as a person "characterized by plundering, robbing, or exploiting others." Webster's New World College Dictionary, Fourth Edition (1999). In other words, a finding that a person is sexually dangerous or a sexual predator requires a prediction of future behavior, based on evidence regarding the person's past history and character. Because there can be no certainty about a prediction of future behavior, *cf. D.C. v. Wesby*, 138 S. Ct.

577, 586 (2018), the finding required by § 402(x)(1)(A)(iii) is consistent with section 6602's probability-based standard.[4]

For the same reason, Allen's reliance on a Second Circuit case to support his statutory interpretation is misplaced. *See Clark v. Astrue*, 602 F.3d 140, 147 (2d Cir. 2010). In *Clark*, the Second Circuit interpreted statutory language that prohibited the payment of monthly benefits to an individual who "is violating a condition of probation or parole imposed under Federal or State law." 602 F.3d at 147 (citing 42 U.S.C. §§ 1382(e)(4)(A)(ii), 402(x)(1)(A)(v)). The Second Circuit held that a court could generally not base a conclusion that a "person is . . . violating a condition of probation or parole" solely on the fact that an arrest warrant based on probable cause had issued for such a violation. *Id. Clark* reasoned that the federal statute incorporated the general burden of proof for civil cases, and therefore a court had to find that the violation of parole "is more likely than not true." *Id.* at 148. Allen argues that the same reasoning should apply here: just as it was not enough for the government to show probable cause that "the person . . . is violating a condition of probation or parole," it is not enough to show probable cause that a person "is a sexually dangerous person or a sexual predator."

---

[4] Our interpretation of these terms as future looking is further supported by Congress's subsequent definition of the term "sexually dangerous person" to include "a person who . . . is sexually dangerous to others," which means "that the person suffers from a serious mental illness, abnormality, or disorder as a result of which he would have serious difficulty in refraining from sexually violent conduct or child molestation if released." 18 U.S.C. § 4247 (a)(5)–(6); *see also United States v. Comstock*, 560 U.S. 126, 143 (2010) (recognizing Congress's power to civilly confine sexually violent individuals who "*would* pose an especially high danger to the public if released") (emphasis added).

This argument fails because *Clark* involved a federal, rather than a state standard. In *Clark*, the Second Circuit had to determine the standard applicable to a federal agency's determination of a historical fact, that is, whether an individual violated a condition of parole. *See* 602 F.3d at 147. A federal court could reasonably infer that Congress intended the general civil standard to apply to a federal agency's determination of that statutory requirement. *See Herman & MacLean v. Huddleston*, 459 U.S. 375, 389–90 (1983). By contrast, § 402(x)(1)(A)(iii) requires a federal agency to determine whether a *state court* made a specified prediction of future dangerousness. The burden of proof required for the state court's finding would be determined by state law, subject only to constitutional due process limitations. *See, e.g.*, *Kansas v. Hendricks*, 521 U.S. 346, 360 (1997); *see also Taylor v. San Diego*, 800 F.3d 1164, 1173 (9th Cir. 2015). Absent clear direction in the federal statute, there is no basis for inferring that state courts were required to make a predictive finding by a specified burden of proof in order for it to qualify as a finding for purposes of § 402(x)(1)(A)(iii).

By contrast, several textual clues tell us that § 402(x)(1)(A)(iii) includes findings made at a probable cause proceeding such as those contemplated by the SVPA. First, the federal statute's requirement that the state court's order be made "immediately upon completion of confinement," § 402(x)(1)(A)(iii), indicates that Congress sought to prohibit benefit payments to individuals civilly confined (and therefore living at public expense) shortly after the end of a term of imprisonment. At the time § 402(x)(1)(A)(iii) was enacted, many existing state confinement systems included a scheme similar to California's SVPA, where an individual could be civilly confined based on probable cause pending

trial on a petition for civil commitment.**⁵** Because the process for completing a full jury trial takes some time, a jury's ruling on civil commitment could not realistically be completed "immediately upon completion" of a prisoner's confinement. Therefore, it is reasonable to conclude that an order made "immediately upon completion of confinement" for purposes of § 402(x)(1)(A)(iii) could be based on some preliminary proceeding, such as a probable cause hearing.**⁶**

There is a second textual clue: § 402(x)(1)(A)(iii) provides that a qualifying court order may be based on a finding that is *similar* to a finding that the individual "is a sexually dangerous person or a sexual predator." The phrase "or a similar finding," *see* § 402(x)(1)(A)(iii), acknowledges that states may adopt a range of different statutory schemes, with different terminology and different procedures, in order to make a finding that a sexually dangerous person should be

---

**⁵** *See* Ariz. Rev. Stat. Ann. § 36-3705(A), (B); Fla. Stat. Ann. § 394.915(1), (2); 725 Ill. Comp. Stat. Ann. 207/15(c); Iowa Code Ann. § 229A.5(1)–(2); Kan. Stat. Ann. § 59-29a05(a)–(b); Mass. Gen. Laws Ann. ch. 123A, § 12(c); Mo. Ann. Stat. § 632.489(1)–(2); N.J. Stat. Ann. § 30:4-27.28(g); N.D. Cent. Code §§ 25-03.3-08(1), 25-03.3-11; S.C. Code Ann. § 44-48-80(A)–(B); Wash. Rev. Code Ann. § 71.09.040(1)–(2); Wis. Stat. Ann. § 980.04(1)–(2).

**⁶** Allen argues that a better interpretation of "immediately" is that it requires the chain of confinement to be unbroken between the completion of the criminal sentence and the civil commitment trial. We reject this interpretation, because it is contrary to the definition of "immediately," which means "without delay" or "at once." *See* Webster's New World College Dictionary, Fourth Edition (1999). Under the natural reading of § 402(x)(1)(A)(iii), the court's confinement order must occur "without delay" after completion of the individual's sentence. The statute does not say that the court's confinement order must occur without a break in confinement.

civilly committed.  A finding of sexual dangerousness after a probable cause hearing fits well within the requirement of § 402(x)(1)(A)(iii) that the person be "confined by court order" pursuant to a finding *similar* to a finding that the individual "is a sexually dangerous person or a sexual predator."

We disagree with Allen's argument that the phrase "a similar finding" refers solely to the label the state uses to describe a sexually dangerous individual.  Although we agree that state schemes may refer to sexually violent predators using terms other than "sexually dangerous person" or "sexual predator," the broad language in § 402(x)(1)(A)(iii) permits different state procedures for making a finding as well as different state terminology for the substantive finding.

Our interpretation of § 402(x)(1)(A)(iii) as allowing flexibility regarding the type of state court order that meets its requirement is consistent with the statute's purpose to preclude the payment of benefits to those confined at public expense.  *See* § 402(x)(1)(A).  Nothing in the federal statute suggests that Congress intended for individuals confined "at public expense" to receive Social Security benefits merely because the confinement order was based on a probable cause finding.  Just like an individual indefinitely confined at a state hospital, an individual preliminarily confined at a state hospital awaiting trial receives the same public benefits such as state-funded food and housing.  Thus, allowing states leeway in prescribing the procedure, burden of proof, and type of finding by which a sexually dangerous individual "is confined by court order in an institution at public expense," furthers the purpose of the federal statute.

We also reject Allen's argument that a finding pursuant to a probable cause hearing is insufficiently robust or lacks the procedural safeguards to be an adequate finding under § 402(x)(1)(A)(iii). Any valid confinement order must be issued pursuant to a procedure that meets constitutional standards. *See Hendricks*, 521 U.S. at 360–61; *Taylor*, 800 F.3d at 1173. Allen does not suggest that the SVPA's probable cause hearing fails to meet that standard. And indeed, as explained above, *see supra* at Section II.B, the California Supreme Court has imposed many of the substantive requirements and procedural safeguards that Allen claims are missing from a probable cause hearing, *see Cooley*, 29 Cal. 4th at 247–48.

Finally, we reject Allen's argument that § 402(x)(1)(A)(iii) requires the state to prove that the person is sexually dangerous beyond a reasonable doubt in order to be consistent with § 402(x)(1)(A)(i), which triggers the suspension of benefit payments to an individual who "is confined in a jail, prison, or other penal institution or correctional facility pursuant to his conviction of a criminal offense." According to Allen, because an individual covered by § 402(x)(1)(A)(i) must be confined pursuant to a criminal conviction based on a jury finding of guilt beyond a reasonable doubt, § 402(x)(1)(A)(iii) must also require confinement pursuant to a finding of sexual dangerousness beyond a reasonable doubt. We disagree. Those two sections of the statute operate independently of each other, and cover different situations. Nothing in the text, structure, or purpose of the statute supports Allen's argument that the use of the term "conviction" in § 402(x)(1)(A)(i) changes the meaning of the term "finding" as used in § 402(x)(1)(A)(iii).

In sum, § 402(x)(1)(A)(iii) does not itself prescribe any procedural requirements or burdens of proof, but instead provides leeway for different state approaches for the civil confinement of sexually dangerous individuals. So long as a state's procedures are constitutionally sufficient to sustain an order to confine or detain the individual, *see, e.g.*, *Hendricks*, 521 U.S. at 360, the court order required by § 402(x)(1)(A)(iii) could be "pursuant to a finding" made at a probable cause hearing under the SVPA.[7]

IV

In light of our interpretation of § 402(x)(1)(A)(iii), the state trial court's confinement order in Allen's case was pursuant to "a finding that [Allen] is a sexually dangerous person or a sexual predator or a similar finding" for purposes of § 402(x)(1)(A)(iii).

The state court made the requisite finding that there was probable cause to believe that Allen "will engage in sexually

---

[7] Our conclusion is further supported by the agency's pre-litigation guidance in its Program Operations Manual System (POMS),"an internal agency document used by employees to process claims." *Carillo-Yeras v. Astrue*, 671 F.3d 731, 735 (9th Cir. 2011). The agency's 2013 guidance for California states that the suspension of benefits under § 402(x)(1)(A) is appropriate for individuals, like Allen, who "remain[] in custody through the time of the probable cause hearing" as well as "[d]uring the period between the probable cause hearing and the trial." PR 06805.006 California, PR 13-052 Suspension of Title II Benefits for Confined Persons Identified as Sexually Dangerous Predators in California at n.8, effective March 26, 2013, available at https://secure.ssa.gov/poms.nsf/l nx/1506805006. In other words, the Commissioner interpreted § 402(x)(1)(A) as applying to an individual who is in custody pursuant to a court order from a probable cause hearing under the SVPA.

violent criminal conduct if released," and that "the sexually violent criminal conduct will be predatory in nature."  As we have explained, *supra* Section III, this finding qualifies as a finding that Allen is a "sexually dangerous person or a sexual predator or a similar finding" as required by § 402(x)(1)(A)(iii).  The state court's finding was made after a hearing subject to robust procedural protections, *see Cooley*, 29 Cal. 4th at 247–48, and Allen does not argue that the procedure was constitutionally insufficient to detain Allen pending a trial.  The state court then issued a confinement order based on this finding.  This is sufficient for purposes of § 402(x)(1)(A)(iii).  Accordingly, the Commissioner did not err in concluding that Allen was not eligible for benefits while civilly confined at state expense.

**AFFIRMED.**