**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 10 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHERI ANNE JACAWAY, | No. 20-36075 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-05295-MAT |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Submitted March 8, 2022**
Portland, Oregon

Before: GRABER, BEA, and VANDYKE, Circuit Judges.

Cheri Jacaway appeals the district court's order affirming the Administrative

Law Judge's (ALJ) denial of her application for disability insurance benefits and

supplemental social security income under the Social Security Act. We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's order affirming the ALJ, and we must affirm the ALJ's decision if it applied the correct legal standard and its determinations are supported by substantial evidence. *See Carillo-Yeras v. Astrue*, 671 F.3d 731, 734 (9th Cir. 2011); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

First, substantial evidence supports the ALJ's decision to discount Jacaway's subjective claims in light of the objective medical evidence. It is the ALJ's duty to evaluate competing evidence, including a claimant's subjective complaints. *See Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021) ("An ALJ is not required to believe every allegation of disabling pain." (quotation marks and citation omitted)). The ALJ determined that Jacaway overstated both the physical and mental severity of her claims, and the ALJ gave clear and convincing reasons that were supported by substantial evidence. *See Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007) ("These inconsistencies constitute significant and substantial reasons to find [claimant's] testimony less than completely credible.").

Second, substantial evidence supports the ALJ's decision to discount certain favorable medical opinions after concluding that those opinions relied on unreliable information and were inconsistent with other portions of the medical record. It is the ALJ who is "responsible for determining credibility, resolving conflicts in

2

medical testimony, and for resolving ambiguities." *Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020) (citation omitted). The ALJ discounted some medical opinions because those opinions relied heavily on Jacaway's self-reporting, which the ALJ already had concluded was unreliable.[1] The ALJ also discounted these opinions because they were based on limited interactions with Jacaway, failed to account for the situational nature of her limitations, and were not consistent with the totality of the record. *See id.* at 1156. The ALJ instead accorded more weight to the medical opinions that the ALJ concluded were better aligned with other medical records.[2] *See* 20 C.F.R. § 404.1527(c)(4) ("Generally, the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion."). It is the ALJ's responsibility to evaluate conflicting pieces of evidence, and the ALJ here offered clear reasons for her rationale that were supported by substantial evidence.

Third, we are not persuaded that the case should have been remanded after Dr. Wheeler reexamined Jacaway two months after the ALJ's determination and found severe limitations that would likely last for 12 months. When a claimant submits

---

[1] These opinions were provided by Keith Krueger, Peter Weiss, and Kimberly Wheeler, three medical professionals who concluded that Jacaway had marked or severe limitations with respect to skills needed to be a functioning employee.

[2] These included the opinions of Shawn Horn and Michael Regets, who both opined that Jacaway was capable of working.

new evidence to the Appeals Council, as was the case here, the reviewing court asks whether the ALJ's order is "supported by substantial evidence" in light of the "record as a whole, including the [new] evidence." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1160 (9th Cir. 2012). Even considering this additional evidence, the ALJ's decision is still supported by substantial evidence. Jacaway admits that Dr. Wheeler "made similar findings to her earlier opinion," so the same reasons for which the ALJ discounted Dr. Wheeler's first opinion apply to her similar second opinion. And the new report examined Jacaway in April 2019, but the ALJ's decision only examined Jacaway's limitations up through February 2019, so the new findings were irrelevant to the ALJ's conclusion.

Fourth and finally, Jacaway challenges her denial of benefits on constitutional grounds. Jacaway argues that the statutory removal protections for the Social Security Commissioner are unconstitutional in light of the Supreme Court's decisions in *Seila Law LLC v. CFPB*, 140 S. Ct. 2183 (2020), and *Collins v. Yellin*, 141 S. Ct. 1761 (2021), and that the Appeals Council was improperly insulated from the President in violation of *Free Enterprise Fund v. Public Company Accounting Oversight Board*, 561 U.S. 477 (2010). We decline to consider the merits of these arguments here because Jacaway forfeited them by raising them for the first time in a 28(j) letter. "Arguments raised for the first time in 28(j) letters are ordinarily considered waived," especially arguments pertaining to "complex issue[s] …."

4

*Pakootas v. Teck Cominco Metals, Ltd.*, 830 F.3d 975, 986 n.12 (9th Cir. 2016).

**AFFIRMED.**