NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 29 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHELLE R. KUNISH,

Plaintiff - Appellant,

v.

MARTIN J. O'MALLEY, Commissioner of
Social Security,

Defendant - Appellee.

No.   23-2844

D.C. No. 3:22-cv-05831-SKV

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
S. Kate Vaughan, Magistrate Judge, Presiding

Submitted October 25, 2024[**]
Portland, Oregon

Before:  LEE, VANDYKE, and H.A. THOMAS, Circuit Judges.

Michelle Kunish appeals the district court's order affirming the

Administrative Law Judge's ("ALJ") denial of her applications for disability

insurance benefits and supplemental security income under the Social Security Act.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's order affirming the ALJ de novo, and we must affirm the ALJ's decision if the ALJ applied the correct legal standards and the ALJ's determinations were supported by substantial evidence. *See Carillo-Yeras v. Astrue*, 671 F.3d 731, 734 (9th Cir. 2011); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). "Substantial evidence means more than a mere scintilla, but less than a preponderance." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (quotation marks omitted). The ALJ "is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Ford v. Saul*, 950 F.3d 1141, 1149 (9th Cir. 2020) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). And if the evidence "is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Id.* at 1154.

*First*, substantial evidence supports the ALJ's decision to discount the medical opinions of Drs. Waldman and Ruddell, as well as Mr. Kim.[1] Under the regulations applicable to Kunish's claim, an ALJ must provide "specific and legitimate reasons that are supported by substantial evidence" to reject the opinion of a treating or

---

[1] Because Mr. Kim was not an "acceptable medical source" under the Social Security regulations applicable at the time of filing of Kunish's applications, the ALJ merely needed "germane reasons" to discount Mr. Kim's statement. *See* 20 C.F.R. §§ 404.1502(a), 404.1527(a)(1); *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a).

examining physician if that opinion "is contradicted by another doctor's opinion." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). It is a specific and legitimate reason to discount a doctor's opinion when that opinion is based on an incomplete picture of the claimant's symptoms, *Chaudhry v. Astrue*, 688 F.3d 661, 671–72 (9th Cir. 2012), as was the case here, where Kunish did not disclose the extent of her alcohol use to Dr. Ruddell or Mr. Kim. Moreover, it was proper for the ALJ to discount the opinions of Drs. Ruddell and Waldman, which were "premised to a large extent upon [Kunish's] own accounts of [her] symptoms and limitations," given that the ALJ had properly discounted Kunish's testimony. *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999). The ALJ also found that Dr. Waldman's internal notes conflicted with her medical source statement, which was also a proper reason for discounting her opinion. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Further, the ALJ properly rejected the opinion of Mr. Kim because it was conclusory and unsupported by the medical record. The ALJ thus accorded more weight to the medical opinions in the record that were better aligned with the medical record.[2] It is the ALJ's responsibility to evaluate conflicting evidence, and the ALJ here offered clear reasons for its rationale that were supported by substantial evidence.

---

[2] These included the opinions of Drs. Eisenhauer, Hurley, and Robinson, each of whom opined that Kunish had less severe limitations and was capable of working.

3

*Second*, substantial evidence supports the ALJ's decision to discount Kunish's subjective claims in light of the objective medical evidence. An ALJ must provide "clear and convincing reasons" for rejecting a claimant's testimony about her symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014). While "an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of" symptoms, *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005), an ALJ may use "*inconsistent* objective medical evidence in the record to discount subjective symptom testimony," *Ferguson v. O'Malley*, 95 F.4th 1194, 1200 (9th Cir. 2024) (quoting *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022)). Here, the ALJ noted that some of Kunish's purported symptoms were improved or diminished through the use of medication or treatment, that Kunish's reports of intensity and pain were inconsistent with her decision not to pursue further treatments, and that some of Kunish's reported symptoms were inconsistent with the severity of the symptoms detailed in the objective medical evidence. These justifications are clear and convincing reasons supporting the ALJ's findings. *See Smartt*, 53 F.4th at 496–97. The ALJ also properly discounted Kunish's testimony because she failed to inform her medical providers and examiners of her alcohol use. *See Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999) (finding that an ALJ properly discounted a claimant's testimony when the ALJ relied on the claimant's inconsistent statements

4

about alcohol use).

*Third*, the ALJ provided appropriate reasons for discounting the lay statements of Kunish's fiancé and her mother. An ALJ need only provide "germane" reasons to discount the statement of a lay witness. *Bayliss*, 427 F.3d at 1218. "Inconsistency with medical evidence is one such reason." *Id.* Here, the ALJ identified numerous inconsistencies between the extreme limitations that the lay witnesses described and the medical evidence.[3]

For the reasons stated herein, we conclude that the ALJ's order applied the correct legal standards and was supported by substantial evidence.

**AFFIRMED.**

---

[3] Kunish also argues that the ALJ erred in his Residual Functional Capacity and step-five findings, and that this case should be remanded for an award of benefits. But each of these arguments assumes that the ALJ erred in assessing the evidence. Because we find no error in the ALJ's evidentiary analysis, we need not address these derivative arguments further. Kunish further argues that the ALJ erred at step two, but any alleged error is harmless because the ALJ decided step two in Kunish's favor. *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017).